IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02185-CMA-MEH

OJORE N. LUTALO,

      Plaintiff,

v.

SHAWN MOBLEY, in his individual capacity,
ERIC LEDFORD, in his individual capacity,
TODD QUICK, in his individual capacity, and
THE CITY OF LA JUNTA, a municipality,

      Defendants.

## STIPULATED PROTECTIVE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

The Court, upon motion by the parties, hereby enters the following Stipulated Protective Order:

1.     This Stipulated Protective Order shall apply to all documents, electronically stored information ("ESI"), materials and other information, including without limitation, documents disclosed and produced, answers to Interrogatories, responses to Requests for Admission, deposition testimony and other information or data disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and includes ESI. A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, a document may be designated "CONFIDENTIAL" if it contains: (a) City of La Junta employee information which qualifies or may qualify as protected health information as defined in HIPAA[1]; (b) City of La Junta trade secret or other confidential research, development or commercial information; (c) personnel files or documents related to current or former City of La Junta employees; or (d) other records or information in which there is a need for confidentiality.

4. Any information designated by a Party as CONFIDENTIAL subject to this Protective Order will first be reviewed by an attorney for the Party who will confirm that the designation as confidential is based upon a good faith belief that the information is confidential or otherwise entitled to protection.

5. Confidential documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial or at other proceedings in this case;

    (c) the parties and their representatives, including representatives of CIRSA;

---

[1] Prior to production or disclosure, individually identifying information, such as name, social security number, or patient number, shall be redacted from any document, data, or other information which qualifies or may qualify as protected health information within the meaning of HIPAA or is in a personnel file or document related to current or former City employees. This redaction requirement shall not apply, however, to any health information concerning the Plaintiff.

      (d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (e)     the Court and its employees ("Court Personnel") or any mediators chosen by the parties;

      (f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)     deponents, witnesses or potential witnesses; and

      (h)     other persons by written agreement of the parties.

6.    Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "Subject to Protective Order".

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.    A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall

be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Upon termination of this litigation, including any appeals, each Party's counsel shall continue to hold the information confidential.

10. CONFIDENTIAL INFORMATION shall be used for the sole, strict and limited purpose of the preparation and trial of this action and shall not be used for any other purpose.

11. Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, CONFIDENTIAL INFORMATION that such party produced and designated as CONFIDENTIAL INFORMATION in connection with this action.

12. Nothing herein shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

13. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, any Confidential Information that has an

appropriate basis for a sealing order shall be filed in accordance with the requirements of D.C.COLO.L.CivR. 7.2.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 11th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED BY:

| | |
|---|---|
| *s/ Richard Rosenstock* | *s/ Bernard Woessner* |
| Richard Rosenstock, Esq. | NATHAN, BREMER, DUMM & MYERS, P.C. |
| 1121 Paseo de Peralta | J. Andrew Nathan, Esq. |
| Santa Fe, NM 87501-2888 | Bernard R. Woessner, Esq. |
| | 3900 E. Mexico Ave, Ste. 1000 |
| richard.rosenstock@gmail.com | Denver, Colorado 80210 |
| | anathan@nbdmlaw.com |
| - and – | bwoessner@nbdmlaw.com |
| | *ATTORNEYS FOR DEFENDANTS* |
| *s/ Francisco E. Martinez* | |
| Francisco E. Martinez, Esq. | |
| P.O. Box 753 | |
| Alamosa, CO 81101 | |
| edisonlaw@bresnan.net | |
| *ATTORNEYS FOR PLAINTIFF* | |

*Original signatures at the law offices of Richard Rosenstock and Francisco R. Martinez*

*Original signature at the law office of Nathan, Bremer, Dumm & Myers, P.C.*